IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| ADAM WENZKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 18-299-GMS |
| | ) |
| WARDEN METZGER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

**I.  INTRODUCTION**

The plaintiff, Adam Wenzke ("Wenzke"), an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. (D.I. 3, 11.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. He has also filed a request for counsel. (D.I. 8.)

**II.  BACKGROUND**

The complaint alleges violations of the Eighth and Fourteenth Amendments as well as breach of contract. Wenzke alleges that all defendants were deliberately indifferent to his serious medical needs and he was denied his right to equal protection when he was refused medical care, prison employment, and educational and computer classes.

Wenzke alleges that thirteen years ago he was diagnosed with bi-polar disorder, depression, and anxiety. Over the years he has tried "just about every mental health medication" so he knows first-hand what works for him and what does not work for him. (D.I. 3 at ¶ 2.) On

1

March 29, 2016, Wenzke was transferred from Howard R. Young Correctional Institution to VCC. When Wenzke arrived at VCC, he spoke to mental health and was told he would be seen by a mental health physician because his medication was causing side effects.

Wenzke's main complaint is that each defendant mental health care provider will not provide him the type of medication he requests. Instead he is prescribed medication the mental health care providers believe is appropriate for Wenzke. The defendants include Dr. Tanya Wilson ("Dr. Wilson"), Dr. August ("Dr. August"), Dr. Padrell ("Dr. Padrell"), Dr. Susan ("Dr. Susan") and Dr. Moses ("Dr. Moses"). Wenzke alleges that the medication prescribed him cause side-effects to a greater extent than the medication he used to take. At one point, Wenzke stopped taking his medication due to the side-effects. He later resumed taking mental health medication. In many instances, Wenzke submitted grievances complaining that he was not provided with appropriate mental health treatment when he was not provided with medications that had worked for him in the past. Wenzke alleges that the defendant Judith Caprio ("Caprio") denied one of his grievances.

The complaint further alleges that the defendant mental health director Paola Munoz ("Munoz") failed to respond his letters complaining of his mental health treatment and asking for help, although Munoz responded to Wenzke's request for an affidavit of merit. The complaint also alleges that Wenzke wrote to the defendant Warden Metzger ("Metzger") on at least two occasions explaining his situation, complaining that he was not receiving treatment, and asking for help.

The complaint alleges that the defendant Connections ("Connections"), the contract health care provider for VCC, failed to train and supervise Munoz, its mental health directors,

2

and its mental health physicians, that it has a policy of refusing to prescribe certain medication such as Wellbutrin, and has a custom, practice or policy of failing to provide a reasonable diagnosis and/or treatment for mental health problems.

Wenzke alleges that he was refused employment in the prison kitchen after two interviews and undergoing physicals. Following the second physical, Wenzke was told he probably would not be hired due to a medical condition and because he was on the mental health roster. Since then he has submitted numerous job applications, but has received no replies to his applications. He also alleges that his requests for education have been refused. Finally, Wenzke alleges breach of contract because the defendants refuse to let him see a list of alternative medications and their side effects and refuse to discuss alternative treatment options.

The defendants are sued in their individual and official capacities. Wenzke seeks compensatory and punitive damages, declaratory relief, and injunctive relief in the form of proper mental health treatment.

### III. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*,

515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Wenzke proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Wenzke leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See*

*Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Medical Needs

Wenzke alleges that the defendants violated his right to equal protection under the Fourteenth Amendment by refusing medical care. In addition, he alleges the defendants have not provided him appropriate mental health treatment and will not administer him the medication he needs in violation of the Eighth Amendment.

A plaintiff may bring an equal protection claim under two legal theories: (1) by alleging a defendant treated him differently from other similarly situated individuals because of his

5

membership in an identifiable or protected class, such as race, religion, sex, or national origin, *Mack v. Warden Loretto FCI*, 839 F.3d 286, 305, n.112 (3d Cir. 2016); or (2) in a "class of one", by alleging a defendant treated him differently from others similarly situated for arbitrary or irrational reasons, *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Phillips v. County of Allegheny*, 515 F.3d at 243. As pled, the conclusory allegations do not provide a basis to show how the defendants violated Wenzke's right to equal protection with regard to mental health treatment. *See e.g.*, *Tindell v. Beard*, 351 F. App'x 591 (3d Cir. 2009) (unpublished).

In addition, the medical needs claims under the Eighth Amendment are deficiently pled. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

"[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (unpublished) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and

6

treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. at 107. Moreover, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

In addition, the U.S. Court of Appeals for the Third Circuit has concluded that prison administrators cannot be deliberately indifferent "simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor.' *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). The Third Circuit clarified that "[i]f a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d at 236 (discussing *Durmer*, 991 F.2d at 69). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.* at 236.

Even when reading the complaint in the most favorable light to Wenzke, he fails to state an actionable constitutional claim against the individual named defendants for deliberate indifference to a serious medical need. His claims speak to dissatisfaction with the treatment provided, while indicating that he receives treatment. He alleges that all medication administered him causes side effects, but the medication currently provided him causes side

7

effects to a greater extent than the medication he has taken in the past and wishes to take. As currently pled, the complaint contains frivolous allegations and fails to state claims for deliberate indifference to serious mental health/medical needs.

Further, because the complaint currently fails to state claims that the individual mental health medical defendants violated Wenzke's constitutional rights under the Eighth Amendment, it follows that, as pled, Connections, cannot be liable based on the theory that it established or maintained an unconstitutional policy or custom responsible for violating Wenzke's rights. *See Goodrich v. Clinton Cnty. Prison*, 214 F. App'x 105, 113 (3d Cir. 2007) (unpublished) (policy makers not liable in prison medical staff's alleged deliberate indifference to prisoner's serious medical needs, where, given that there was no underlying violation of prisoner's rights, policy makers did not establish or maintain an unconstitutional policy or custom responsible for violating prisoner's rights).

Accordingly, the medical/mental health claims will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1). However, since it appears plausible that Wenzke may be able to articulate a claim or claims against the defendants or alternative defendants, he will be given an opportunity to amend the claims.

### B. Prison Employment

Wenzke complains that he is denied prison employment. Prisoners, however, have no entitlement to a specific job, or even to any job. *James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989); *see also Flittie v. Solem*, 827 F.2d 276, 279 (8th Cir. 1987) (inmates have no constitutional right to be assigned a particular job). Therefore, the Court will dismiss the claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### C. Education

Wenzke complains that he is not provided educational or computer classes. However, prisoners have no constitutional right to an education. *See Flanyak v. Ross*, 153 F. App'x 810, 812 (3d Cir. Oct. 13, 2005); *Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989); *Risso v. Dawson*, 778 F.2d 527, 530-31 (9th Cir. 1985); *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982); *Longendorfer v. Roth*, 1992 WL 95919, at *1 (E.D. Pa. April 23, 1992). The claims will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### D. Grievances

To the extent Wenzke attempts to raise claims regarding the grievances he submitted, the claims are not cognizable. The filing of prison grievances is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006) (unpublished). To the extent that Wenzke bases his claims upon his dissatisfaction with the grievance procedure or denial of his grievances, the claims fail because an inmate does not have a "free-standing constitutionally right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (unpublished) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Notably, the denial of grievance appeals does not in itself give rise to a constitutional claim as Wenzke is free to bring a civil rights claim in District Court. *Winn v. Department of Corr.*, 340 F. App'x 757, 759 (3d Cir. 2009) (unpublished) (citing *Flick v. Alba*, 932 F.2d at 729).

Wenzke cannot maintain a constitutional claim based upon his perception that his grievances were not properly processed, that they were denied, or that the grievance process is inadequate. Therefore, the Court will dismiss the claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### E. Request for Counsel

Wenzke seeks counsel on the grounds that he does not have the ability to present his own case, is unskilled in the law and the issues are complex, the case may turn on credibility determinations, expert witnesses will be necessary, he cannot attain and afford counsel on his own behalf, counsel would serve the best interest of justice, and his allegations if proven would establish a constitutional violation. (D.I. 8.) A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See*

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

*Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

After reviewing the plaintiff's request, the court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. To date, the filings in this case demonstrate the plaintiff's ability to articulate his claims and represent himself. In addition, the complaint as currently pled, fails to state cognizable claims. Thus, in these circumstances, the court will deny without prejudice to renew the plaintiff's request for counsel. (D.I. 8.) Should the need for counsel arise later, one can be appointed at that time.

## V.  CONCLUSION

For the above reasons, the court will dismiss all defendants and the complaint as frivolous and for failure to state claims upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), and 1915A(b)(1). Wenzke will be given leave to amend the mental health/medical needs claims. His request for counsel will be denied without prejudice to renew. (D.I. 8.)

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

May 29, 2018
Wilmington, Delaware